## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Edward P. Bakos (ebakos@bakoskritzer.com)
Noam J. Kritzer (nkritzer@bakoskritzer.com)
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 908-273-0770
Facsimile: 973-520-8260
EPB-0778
NJK-6122

*Attorneys for the Plaintiff:*
*Tristar Products, Inc.*

| | |
|---|---|
| **TRISTAR PRODUCTS, INC.** **(a Pennsylvania corporation),** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **CIVIL ACTION FILE NUMBER:** ) |
| **TELEBRANDS CORP.** **(a New Jersey corporation), and** **BULBHEAD.COM, LLC** **(a Delaware limited liability company),** | ) ) ) ) ) ) ) |
| | ) *Document filed Electronically* |
| Defendants. | ) ) ) |

### COMPLAINT FOR PATENT INFRINGMENT AND DEMAND FOR JURY TRIAL

Plaintiff, Tristar Products, Inc., a Pennsylvania corporation (hereinafter "Tristar Products" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Telebrands Corp., a New Jersey corporation ("Telebrands") and Bulbhead.com, LLC, a Delaware limited liability company ("Bulbhead") (collectively, "Defendants"), upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, alleges as follows:

## THE PARTIES

1. Plaintiff Tristar Products is a Pennsylvania corporation having its corporate headquarters at 492 Route 46 East, Fairfield, New Jersey 07004.

2. Upon information and belief, Defendant Telebrands is a New Jersey corporation having its corporate headquarters at One Telebrands Plaza, Fairfield, New Jersey 07004.

3. Upon information and belief, Defendant Bulbhead is a Delaware limited liability company having its corporate headquarters at 79 Two Bridges Road, Fairfield, New Jersey 07004.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code and for trade dress infringement arising under the Lanham Act, Title 15 of the United States Code.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C § 1331 and 28 U.S.C. §1338(a), as it involves substantial claims arising under the Patent Laws of the United States together with related claims for patent infringement and unfair competition.  The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant Telebrands and venue is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(b).  Telebrands is a resident of New Jerse,y has regularly engaged in business in this State and District and purposefully availed itself of the privilege of conducting business in this District.  In addition, upon information and belief, Telebrands has committed acts of infringement in this District, and this action arises from those acts.

6.     This Court has personal jurisdiction over Defendant Bulbhead and venue is proper under 28 U.S.C. § 1391(b) and (c) and § 1400(b).  Bulbhead is a resident of New Jersey, has regularly engaged in business in this State and District and purposefully availed itself of the privilege of conducting business in this District.  In addition, upon information and belief, Bulbhead has committed acts of infringement in this District, and this action arises from those acts.

## BACKGROUND

7.     On February 14, 2017, U.S. Patent No. D778,664 (the "'664 patent") entitled "Pan" duly and legally issued to Keith Mirchandani and Mo-Tsan Tsai.  The '664 patent was assigned to Tristar Products and KE M.O. House Co., Ltd. on May 23, 2016 by Mo-Tsan Tsai and June 20, 2016 by Keith Mirchandani.  The assignment was duly recorded with the United States Trademark and Patent Office on December 21, 2016.  Tristar Products maintains the exclusive right to make, have made, use, distribute, sell, offer for sale, and import in the United States certain products covered by the '664 patent.  A true and correct copy of the '664 patent is attached hereto as Exhibit A.

8.     On February 7, 2017, U.S. Patent No. D778,103 (the "'103 patent") entitled "Pan" duly and legally issued to Keith Mirchandani and Mo-Tsan Tsai.  The '103 patent was assigned to Tristar Products and KE M.O. House Co., Ltd. on May 23, 2016 by Mo-Tsan Tsai and June 20, 2016 by Keith Mirchandani.  The assignment was duly recorded with the United States Trademark and Patent Office on December 19, 2016.  Tristar Products maintains the exclusive right to make, have made, use, distribute, sell, offer for sale, and import in the United States certain products covered by the '103 patent.  A true and correct copy of the '103 patent is attached hereto as Exhibit B.

9.      On November 29, 2016, U.S. Patent No. D772,641 (the "'641 patent") entitled "Pan" duly and legally issued to Keith Mirchandani and Mo-Tsan Tsai.  The '641 patent was assigned to Tristar Products and KE M.O. House Co., Ltd. on May 23, 2016 by Mo-Tsan Tsai and June 20, 2016 by Keith Mirchandani.  The assignment was duly recorded with the United States Trademark and Patent Office on October 12, 2016.  Tristar Products maintains the exclusive right to make, have made, use, distribute, sell, offer for sale, and import in the United States certain products covered by the '641 patent.  A true and correct copy of the '641 patent is attached hereto as Exhibit C.

10.     The '664 patent, '103 patent and the '641 patent each protects the design of a pan for use in cooking.  Tristar utilizes the designs that are protected by the '664 patent, '103 patent and the '641 patent in its highly successful "COPPER CHEF" square pan.  The COPPER CHEF pan has been the subject of extensive promotion and has attained immense success in the marketplace.

11.     Upon information and belief, Defendants make, use, sell, and/or offer to sell and induce others to make, use, sell, and/or offer to sell pans that embody and/or use the inventions claimed in the '664 patent, '103 patent and the '641 patent, including at least under the brand name "RED COPPER."

12.     A side-by-side comparison of the products reveals the infringing nature of the RED COPPER product:



| Design of the '641 Patent | Telebrands "RED COPPER" Product |
|---|---|
|  | |

13.     At least as early as June 2016, Tristar Products introduced the COPPER CHEF pan.  The COPPER CHEF is pictured below:





14. All the features that make up the COPPER CHEF trade dress are nonfunctional, in that they serve a decorative and aesthetic purpose and are not necessary to exist in this design in order for the COPPER CHEF to be used for its intended purpose. The nonfunctionality of the COPPER CHEF trade dress is further demonstrated by evidence in the marketplace of countless cookware items with completely different designs than the COPPER CHEF trade dress.

15. Tristar Products has heavily advertised and promoted the COPPER CHEF trade dress. As a result of these efforts, the public recognizes and understands the design of the COPPER CHEF to distinguish and identify the product. The COPPER CHEF has acquired a respected reputation and has been the recipient of press coverage. Therefore, the COPPER CHEF trade dress has acquired secondary meaning.

16. Defendants' RED COPPER pan copies the look and feel of the COPPER CHEF trade dress and is confusingly similar to the COPPER CHEF trade dress.

17. On information and belief, Defendants knew of the COPPER CHEF trade dress prior to the first promotion and sale of the RED COPPER pan.

18. Defendants purposefully adopted an appearance for their competing RED COPPER pan with the intent to trade upon the goodwill earned by Plaintiff.

19. Upon information and belief, as a result of Defendants' trade dress infringement, consumers are likely to be confused.

## COUNT I

## INFRINGEMENT OF THE '664 PATENT BY DEFENDANTS

20. Tristar Products realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 19 herein.

21. Upon information and belief, Defendants directly infringe, infringe under the doctrine of equivalents, contributorily infringe, and/or actively induce infringement of one or more claims of the '664 patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, or offer to sell pans that embody or use the ornamental design claimed in the '664 patent. Such infringing pans include at least the RED COPPER square pan depicted in Paragraph 12, above.

22. An ordinary observer, giving as much attention typical of a purchaser, would find the design of Defendants' RED COPPER square pan to be substantially the same as Plaintiff's patented design.

23. Defendants' acts of infringement of the '664 patent have caused and will continue to cause Tristar Products damages for which Tristar Products is entitled to compensation pursuant to 35 U.S.C. § 284.

24. Defendants' acts of infringement of the '664 patent have caused and will continue to cause Tristar Products damages for which Tristar Products lacks an adequate remedy at law.

25. Defendants' acts of infringement of the '664 patent have caused and will continue to cause Tristar Products irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

26. Defendants' adoption and use of a colorable imitation of Plaintiff's patented design has caused and is causing substantial irreparable harm to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court.

27. This case is exceptional and, therefore Tristar Products is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

28. Upon information and belief, Defendants' commercial activities relating to the making, using, offering for sale, selling, and/or importing into the United States pans that embody the ornamental design protected by the '664 patent have continued and are continuing with knowledge of the '664 patent, in spite of the fact that Defendants' actions constitute infringement of the '664 patent. These commercial activities are, at a minimum, in reckless disregard of Tristar Products' rights under the '664 patent. Such acts of infringement have therefore been intentional, deliberate and willful. Defendants' acts constitute violations of 35 U.S.C. § 271.

## COUNT II

### INFRINGEMENT OF THE '103 PATENT BY DEFENDANTS

29. Tristar Products realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 28 herein.

30. Upon information and belief, Defendants directly infringe, infringe under the doctrine of equivalents, contributorily infringe, and/or actively induce infringement of the '103 patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, or offer to sell pans that embody or use the ornamental design claimed in the '103 patent. Such infringing pans include at least the RED COPPER square pan depicted in Paragraph 12, above.

31. An ordinary observer, giving as much attention typical of a purchaser, would find the design of Defendants' RED COPPER square pan to be substantially the same as Plaintiff's patented design.

32. Defendants' acts of infringement of the '103 patent have caused and will continue to cause Tristar Products damages for which Tristar Products is entitled to compensation pursuant to 35 U.S.C. § 284.

33. Defendants' acts of infringement of the '103 patent have caused and will continue to cause Tristar Products damages for which Tristar Products lacks an adequate remedy at law.

34. Defendants' adoption and use of a colorable imitation of Plaintiff's patented design has caused and is causing substantial irreparable harm to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court.

35. Defendants' acts of infringement of the '103 patent have caused and will continue to cause Tristar Products irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

36. This case is exceptional and, therefore Tristar Products is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

37. Upon information and belief, Defendants' commercial activities relating to the making, using, offering for sale, selling, and/or importing into the United States pans that embody the ornamental design protected by the '103 patent have continued and are continuing with knowledge of the '103 patent, in spite of the fact that Defendants' actions constitute infringement of the '103 patent. These commercial activities are, at a minimum, in reckless disregard of Tristar Products' rights under the '103 patent. Such acts of infringement have therefore been intentional, deliberate and willful. Defendants' acts constitute violations of 35 U.S.C. § 271.

## COUNT III

## INFRINGEMENT OF THE '641 PATENT BY DEFENDANTS

38. Tristar Products realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 37 herein.

39. Upon information and belief, Defendants directly infringe, infringe under the doctrine of equivalents, contributorily infringe, and/or actively induce infringement of the '641 patent by making, using, selling, and/or offering to sell, or inducing others to make, use, sell, or offer to sell pans that embody or use the ornamental design claimed in the '641 patent. Such infringing pans include at least the RED COPPER square pan depicted in Paragraph 12, above.

40. An ordinary observer, giving as much attention typical of a purchaser, would find the design of Defendants' RED COPPER square pan to be substantially the same as Plaintiff's patented design.

41. Defendants' acts of infringement of the '641 patent have caused and will continue to cause Tristar Products damages for which Tristar Products is entitled to compensation pursuant to 35 U.S.C. § 284.

42. Defendants' acts of infringement of the '641 patent have caused and will continue to cause Tristar Products damages for which Tristar Products lacks an adequate remedy at law.

43. Defendants' adoption and use of a colorable imitation of Plaintiff's patented design has caused and is causing substantial irreparable harm to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court.

44. Defendants' acts of infringement of the '641 patent have caused and will continue to cause Tristar Products irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

45.     This case is exceptional and, therefore Tristar Products is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

46.     Upon information and belief, Defendants' commercial activities relating to the making, using, offering for sale, selling, and/or importing into the United States pans that embody the ornamental design protected by the '641 patent have continued and are continuing with knowledge of the '641 patent, in spite of the fact that Defendants' actions constitute infringement of the '641 patent.  These commercial activities are, at a minimum, in reckless disregard of Tristar Products' rights under the '641 patent.  Such acts of infringement have therefore been intentional, deliberate and willful.  Defendants' acts constitute violations of 35 U.S.C. § 271.

## COUNT IV

### FEDERAL TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION BY DEFENDANT

47.     Tristar Products realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 46 herein.

48.     This claim arises under Section 43(a) of the Lanham Act, 15. U.S.C. § 1125(a).

49.     Upon information and belief, Defendants' unauthorized use in interstate commerce of Plaintiff's trade dress has caused and is likely to cause confusion, mistake or deception as to the (a) characteristics, qualities or origin of the RED COPPER pan, (b) an affiliation, connection or association between Plaintiff and Defendants, and/or (c) sponsorship or approval of the RED COPPER pan by Plaintiff.

50.     Such actions, as used in commercial advertising, have misrepresented and continue to misrepresent the nature, characteristics or qualities of Defendants' RED COPPER pan.

51. Upon information and belief, Defendants have intentionally adopted and used trade dress that is substantially the same as Plaintiff's trade dress for Defendants' RED COPPER pan so as to profit from Plaintiff's reputation by confusing the public as to the source, origin, sponsorship or approval of Defendants' RED COPPER pan, with the intent of deceiving and misleading the public, and to wrongfully trading on the goodwill and reputation of Plaintiff.

52. Defendants' acts of infringement of Plaintiff's trade dress and unfair competition have caused and will continue to cause Tristar Products damages for which Tristar Products is entitled to compensation.

53. Defendants' acts of infringement of Plaintiff's trade dress and unfair competition have caused and will continue to cause Tristar Products damages for which Tristar Products lacks an adequate remedy at law.

54. Defendants' conduct has caused and will continue to cause substantial and irreparable harm to Plaintiff unless such actions are enjoined by this Court pursuant to 15 U.S.C. § 1116(a).

## COUNT V

### COMMON LAW UNFAIR COMPETITION BY DEFENDANTS

55. Tristar Products realleges and incorporates the allegations set forth in Paragraph 1 through Paragraph 54 herein.

56. This claim arises under New Jersey common law.

57. Defendants have acted unfairly through their unauthorized use of Plaintiff's trade dress. Defendants' conduct has and will mislead and deceive consumers as to the identity and source of the RED COPPER product.

58. Defendants' unfair competition has caused and will continue to cause Tristar Products damages for which Tristar Products is entitled to compensation.

59. Defendants' unfair competition has caused and will continue to cause Tristar Products damages for which Tristar Products lacks an adequate remedy at law.

60. Defendants' conduct has caused and will continue to cause substantial and irreparable harm to Plaintiff unless such actions are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Tristar Products prays that the Court enter judgment against Defendants as follows:

A.　That Defendants have infringed and are infringing the '664 patent;

B.　That Defendants have infringed and are infringing the '103 patent;

C.　That Defendants have infringed and are infringing the '641 patent;

D.　That Defendants have infringed and are infringing Plaintiff's trade dress;

E.　That Defendants have engaged in unfair competition;

F.　That Defendants and their officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the '664 patent;

G.　That Defendants and their officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the '103 patent;

H.　That Defendants and their officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of infringement of the '641 patent;

I.　That Defendants and their officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of trade dress infringement;

J. That Defendants and their officers, directors, agents, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from further acts of unfair competition;

K. That Defendants be ordered to pay Tristar Products damages sufficient to compensate for said Defendants' infringement of the '664 patent, with pre-judgment and post-judgment interest, including profits lost as a result of infringement of the '664 patent, and enhancing such damages due to the willfulness of the infringement, in accordance with 35 U.S.C. §284;

L. That Defendants be ordered to pay Tristar Products damages sufficient to compensate for said Defendants' infringement of the '103 patent, with pre-judgment and post-judgment interest, including profits lost as a result of infringement of the '103 patent, and enhancing such damages due to the willfulness of the infringement, in accordance with 35 U.S.C. §284;

M. That Defendants be ordered to pay Tristar Products damages sufficient to compensate for said Defendants' infringement of the '641 patent, with pre-judgment and post-judgment interest, including profits lost as a result of infringement of the '641 patent, and enhancing such damages due to the willfulness of the infringement, in accordance with 35 U.S.C. §284;

N. That Defendants be ordered to pay Tristar Products damages sufficient to compensate for said Defendants' infringement of Plaintiff's trade dress, with pre-judgment and post-judgment interest;

O. That Defendants be ordered to pay Tristar Products damages sufficient to compensate for said Defendants' unfair competition, with pre-judgment and post-judgment interest;

P. That this action be declared as exceptional under 35 U.S.C. § 285 and that Tristar Products be awarded its attorneys' fees, costs, and expenses; and

Q. That Tristar Products be awarded such other and further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Tristar Products demands a trial by jury of all issues properly triable to a jury in this case.

Respectfully submitted this 21st day of February 2017,

**Bakos & Kritzer**

_____
Edward P. Bakos
(ebakos@bakoskritzer.com)
Noam J. Kritzer
(nkritzer@bakoskritzer.com)
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 908-273-0770
Facsimile: 973-520-8260
EPB- 0778
NJK- 6122

*Attorneys for the Plaintiff:*
*Tristar Products, Inc.*

### **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Tristar Products, by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 11.2 that the matter in controversy in the present action is the subject of district court cases styled *Tristar Products, Inc. v. Tekno Products, Inc.*, Civil Action No. 1:16-cv-00681 and *Tristar Products, Inc. v. Novel Brands LLC*, Civil Action No. 1:17-cv-00043 in the United States District Court for the District of Rhode Island and *Tristar Products, Inc. v. E. Mishan and Sons Inc.*, Civil Action No. TBD, filed on February 21, 2017 in the United States District Court for the District of New Jersey.

Respectfully submitted this 21st day of February 2017,

        **Bakos & Kritzer**

        _____
        Edward P. Bakos
        (ebakos@bakoskritzer.com)
        Noam J. Kritzer
        (nkritzer@bakoskritzer.com)
        **Bakos & Kritzer**
        147 Columbia Turnpike
        Florham Park, New Jersey 07932
        Telephone: 908-273-0770
        Facsimile: 973-520-8260
        EPB- 0778
        NJK- 6122

        *Attorneys for the Plaintiff*:
        *Tristar Products, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

Tristar Products, by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 201.1 that, in addition to monetary damages greater than $150,000, Plaintiff seeks injunctive relief, and therefore this action is not appropriate for compulsory arbitration.

Respectfully submitted this 21st day of February 2017,

                                                          **Bakos & Kritzer**

_____
Edward P. Bakos
(ebakos@bakoskritzer.com)
Noam J. Kritzer
(nkritzer@bakoskritzer.com)
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 908-273-0770
Facsimile: 973-520-8260
EPB- 0778
NJK- 6122

*Attorneys for the Plaintiff:*
*Tristar Products, Inc.*